In the

# United States Court of Appeals

### For the Seventh Circuit

No. 02-3301

HERBERT TAYLOR and RENEE TAYLOR,

*Plaintiffs-Appellants*,

*v.*

ADS, INC., an Indiana Corporation, d/b/a
AREA TRANSPORTATION CO. and WESTERN
INTERMODAL SYSTEMS,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 7554—**Rebecca R. Pallmeyer**, *Judge*.

ARGUED APRIL 9, 2003—DECIDED APRIL 29, 2003

Before FLAUM, *Chief Judge*, and POSNER and KANNE,
*Circuit Judges*.

FLAUM, *Chief Judge*. Herbert and Renee Taylor, husband
and wife, appeal the dismissal of their race discrimination
suit brought under Title VII and 42 U.S.C. § 1981. We
affirm.

## I. BACKGROUND

Defendant Area Transportation Co. ("Area") is an Illinois
corporation that provides trucking services. Though it has

its own fleet of trucks, tractors, and trailers and employs its own drivers, Area occasionally enters into "Independent Contractor Service Agreements" with outside companies and individuals who lease vehicles and furnish drivers to Area in return for a percentage of the revenue. In 1991 Area entered into such an agreement with plaintiff Renee Taylor, a schoolteacher. The agreement, which was re-executed in August 1999, provided that it was "intended by the parties to create the relationship of Independent Contractor and not of employer/employee" and that "[e]ither party may, at its option in writing to the other, terminate this agreement." The agreement further stated that Renee Taylor was responsible for all the costs of maintaining her truck, as well as all costs, such as wages, income tax withholding, and Social Security contributions, associated with the employment of her drivers.

Renee Taylor designated her husband, plaintiff Herbert Taylor, as her driver under the agreement. Area then assigned Herbert Taylor to work for defendant Western Intermodal Services ("Western"), an Illinois corporation that contracts with Area for trucking services. Both Area and Western are subsidiaries of defendant Alternative Distribution Systems ("ADS").

Sometime around January 2000, Area terminated the agreement with Renee Taylor. The reason for the termination is disputed. Defendants say that it was due to the fact that Renee Taylor failed to make repairs to her truck as required by the agreement. Plaintiffs, on the other hand, claim that Area "constructively discharged" Herbert Taylor in December 1999 by withholding $2600 allegedly owed to him for past services rendered.

In December 2000 Renee and Herbert Taylor sued Area, Western, and ADS, claiming first that Herbert Taylor was discriminated against in violation of Title VII. The complaint specifically alleged that Herbert Taylor was treated

less favorably than similarly situated non-black employees "in that he was given more difficult tasks requiring greater effort[;] he was not given opportunities for work assignment; and he was denied the opportunity for benefits (extra-time hours and early days); and he was constructively discharged in December, 1999, when Defendants confiscated [his] weekly pay due 12/30/99, discriminatory [sic] alleging earlier overpayment." As an alternative claim, plaintiffs asserted that the defendants discriminated against Renee Taylor in violation of 42 U.S.C. § 1981.

## II. DISCUSSION

The district court granted summary judgment for the defendants on the Title VII claim, and rightly so. Title VII protects only employees, *Ost v. West Suburban Travelers Limousine, Inc.*, 88 F.3d 435, 438-40 (7th Cir. 1996), and the evidence here unequivocally established that there was no employment relationship between Herbert Taylor and any of the defendants. The checks that Area wrote for Herbert Taylor's services were made payable to *Renee* Taylor, not Herbert. No amounts were withheld for income tax or Social Security contributions, and the annual totals paid to Renee Taylor were reported on a Form 1099 as independent contractor payments, not on a W-2. Further, defendants offered as evidence Herbert Taylor's driver qualification form, which has a checkmark in the blank for "Independent Contractor Driver" rather than that for "Company Driver." And finally, the Agreement itself states that the parties' intent was "to create the relationship of Independent Contractor and not of employer/employee" and imposes on Renee Taylor the obligation to pay her driver's wages. All this evidence was uncontroverted and clearly shows that Herbert Taylor was *not* an employee of the defendants. Plaintiffs' self-serving assertions otherwise are frivolous.

Furthermore, even assuming *arguendo* that Herbert Taylor was defendants' employee, his Title VII claim would still fail because he has not made out a *prima facie* case of discrimination. Because he does not have any direct evidence of discrimination, Herbert Taylor must show that similarly situated non-black employees were treated more favorably than he was. *Patton v. Indianapolis Pub. Sch. Bd.*, 276 F.3d 334, 338 (7th Cir. 2002). But the only potential comparative plaintiffs point to, a white male by the name of John Noel, is not an employee; he is an independent contractor. Further, Noel is not similarly situated for at least two reasons: one, an independent contractor such as Noel is different from an independent contractor *driver* such as Herbert Taylor (Noel owns his own vehicle), and two, Noel has been driving for the defendants for several years longer than Herbert Taylor has. And even putting this aside, the district court properly found that there was no evidence that Noel was ever treated more favorably. All the plaintiffs have to rely on are their own self-serving statements of preferential treatment, which are insufficient to defeat summary judgment. *Conley v. Village of Bedford Park*, 215 F.3d 703, 711-12 (7th Cir. 2000).

The district court was also right to grant summary judgment for the defendants on Renee Taylor's § 1981 claim. Renee Taylor asserts that she was discriminated against "in the same way and each and every time" that Herbert Taylor was discriminated against. But this claim fails for the same reason the Title VII claim does—plaintiffs have provided no evidence that any of the defendants' actions were motivated by plaintiffs' race.

### III. CONCLUSION

The judgment of the district court is AFFIRMED.

A true Copy:

      Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*