**Darryl W. SHACKELFORD,**
**Plaintiff–Appellant,**

v.

**ROADWAY EXPRESS, INC.,**
**Defendant–Appellee.**

**Nos. 03–1666, 03–1667.**

United States Court of Appeals,
Seventh Circuit.

Submitted April 19, 2004.\*

Decided April 19, 2004.

Darryl W. Shackelford, Chicago, IL, pro se.

Lawrence C. DiNardo, Jones Day, Chicago, IL, for Defendant–Appellee.

Before POSNER, EVANS, and WILLIAMS, Circuit Judges.

### ORDER

Darryl Shackelford sued Roadway Express, Inc., under Title VII, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, alleging that the company terminated his employment based on racial animus and in retaliation for filing an EEOC complaint. The district court granted summary judgment to Roadway. Shackelford appealed from both that judgment (no. 03–1667) as well as the district court's order assessing him costs (no. 03–1666). We consolidated the two appeals in a previous order and now affirm.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Shackelford, an African–American, worked as a pick-up and delivery driver for Roadway in Chicago. He was a union member represented by the AFL–CIO Local 705 under a collective bargaining agreement, which, as relevant here, provided covered employees with a three-step grievance procedure to resolve any disputes with Roadway, including those regarding termination.

In November 2000 Shackelford called dispatcher Emanuel Robinson and reported that the lift gate of his truck had fallen on and injured his foot. He said that Robinson ordered him to drive his truck back to Roadway's delivery terminal, where Robinson and work methods coordinator Mike Saviano asked him to show them how the injury occurred. After doing so, Shackelford alleged, Saviano began to curse at him. At his union steward's suggestion, Shackelford then left the terminal and went to the hospital for treatment. He later filed a grievance with the union claiming that Roadway failed to provide him with the necessary forms for obtaining medical treatment or otherwise assist him in obtaining medical treatment. Four days later Roadway fired Shackelford for abandoning his job. Shackelford grieved his termination, and the union and Roadway resolved his complaint by allowing Shackelford to return to work as a "floater"—a driver who covered other drivers' routes. The next day Shackelford filed a complaint with the EEOC alleging race discrimination and harassment; the EEOC dismissed it.

In February 2001 Roadway received a call from a customer, Agnes Lee, who ran a shoe store. Lee reported that one of Roadway's drivers named "Shack" or "Shackley" had demanded a free pair of shoes and verbally abused her Korean husband during a delivery. Roadway asked Lee to put her complaint in writing. A Roadway representative determined that Shackelford had made the delivery to Lee's store and met separately with the Lees and Shackelford to discuss the allegations. Shackelford denied Ms. Lee's story, but Roadway fired him under the collective bargaining agreement for gross misconduct towards a customer. Shackelford once again grieved his termination, but this time Roadway and the union deadlocked on a solution. Shackelford filed another complaint with the EEOC, this time alleging race discrimination and retaliatory discharge for having filed his earlier EEOC claim. The EEOC again dismissed his complaint.

Shackelford then sued Roadway for race discrimination and retaliatory discharge under both Title VII and § 1981, and the district court granted summary judgment to Roadway. Because he offered no direct evidence of discrimination, the court analyzed Shackelford's claims using the indirect, burden-shifting approach set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Lalvani v. Cook County, Ill.*, 269 F.3d 785, 789 (7th Cir.2001) (applying same analytical framework for Title VII and § 1981 claims). The court found that Shackelford was a member of a protected class and had suffered an adverse employment action, but concluded that he could not establish a *prima facie* case of discrimination because he had not shown that he met Roadway's legitimate expectations—first in November 2000 when he walked off the job during an accident investigation and then in February 2001 when he used vulgar language to curse a customer. The court further observed that Shackelford did not show that similarly situated employees outside his protected class were treated better. The court found that his retaliation claim failed for the same reasons, namely that he could not show that he was meeting Roadway's legitimate ex-

pectations or that other non-protected employees were treated more favorably. And even if Shackelford could establish a *prima facie* case of discrimination or retaliation, the court added, he could not show that Roadway's proffered reasons for terminating him were pretextual.

Later Roadway moved for costs, which the district court assessed Shackelford in the amount of $2,575. Although Shackelford filed a separate notice of appeal from the court's order assessing costs, he does not address the issue in his brief and thus has waived its consideration. *See Hojnacki v. Klein–Acosta*, 285 F.3d 544, 549 (7th Cir.2002).

What Shackelford does contend on appeal is that Roadway failed to comply with the collective bargaining agreement when it did not help him seek medical attention and that it failed to properly investigate Lee's allegations before terminating him. But neither allegation appears to suggest other than in a cursory and speculative way that Roadway's actions were racially or otherwise improperly motivated, nor do they take issue with the district court's comprehensive order.

 His brief—liberally construed—suggests three alternative arguments. The first is that the court erred in finding that he did not meet Roadway's legitimate expectations because, he says, he was a good employee. But it is well established that an employee's subjective self-appraisal does not create a triable issue of fact regarding the honesty of an employer's assessment of his or her performance. *Fortier v. Ameritech Mobile Comm.*, 161 F.3d 1106, 1114 (7th Cir.1998). Next, his generalized contention that "[s]imilarly situated non-black drivers who sustained on

the job injuries were treated more favorably" fails because he has not supported it with any evidence. *See Taylor v. ADS, Inc.*, 327 F.3d 579, 582 (7th Cir.2003). And finally, his assertion that Salviano "admit[ted] to using racial slurs" (by which we understand him to imply discriminatory bias on the part of Rockway management) simply re-hashes an argument that the district court considered and correctly dismissed. Remarks unrelated to an employment decision cannot overcome summary judgment if they are the sole evidence of discriminatory intent. *Staples v. Pepsi–Cola Gen. Bottlers, Inc.*, 312 F.3d 294, 301 (7th Cir.2002).

AFFIRMED.